IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON PHILLIPS, as
SPECIAL ADMINISTRATOR
OF THE ESTATE OF
DAVID PHILLIPS, DECEASED                                                    PLAINTIFF

V.                            CASE NO. 5:21-CV-05132

UNITED STATES OF AMERICA                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a medical malpractice and wrongful death lawsuit filed by Plaintiff Jason Phillips, on behalf of the late David Phillips, against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"). The United States has filed a Motion to Dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] The United States argues it has not waived sovereign immunity because the limitations period in the Arkansas Medical Malpractice Act is a statute of repose that has extinguished Plaintiff's claims. In the alternative, the United States argues Plaintiff has failed to satisfy the FTCA statute of limitations by filing his administrative claim more than two years after Mr. Phillips's death. Plaintiff opposes the Motion to Dismiss and argues the Court's jurisdiction is so indisputable that the United States should face

---

[1] In deciding the United States' Motion to Dismiss, the Court considered the Motion (Doc. 19), Brief in Support (Doc. 20), Plaintiff's Response in Opposition (Doc. 24), the United States' Reply (Doc. 27), and the parties' oral argument presented at the Case Management Hearing.

1

sanctions for even filing the Motion. To that end, Plaintiff has filed a Motion for Sanctions under Federal Rule of Civil Procedure 11.[2]

The Court finds the limitations period in the Arkansas Medical Malpractice Act is a statute of limitations, not repose, and Plaintiff filed his claim within the FTCA limitations period. Therefore, the United States' Motion to Dismiss (Doc. 19) is **DENIED**. The Court further finds the United States had a good faith basis to file the Motion to Dismiss, and Plaintiff's Motion for Sanctions (Doc. 30) is **DENIED**. The Court initially ruled on these motions at the Case Management Hearing held on January 31, 2022.[3] This Order sets forth the Court's reasoning in greater detail.

## I.  BACKGROUND

David Phillips, a veteran of the Vietnam War, died on December 5, 2014, from metastatic adenocarcinoma. Mr. Phillips's cancer was misdiagnosed as benign on April 6, 2013, by Dr. Robert Levy, a pathologist employed by the United States Department of Veterans Affairs ("VA"). In July 2019, the VA notified Mr. Phillips's family that Dr. Levy's diagnosis had been incorrect. For years, Dr. Levy performed his duties while intoxicated, conduct he was criminally prosecuted for in this Court. Plaintiff alleges Dr. Levy's misdiagnosis caused Mr. Phillips to not receive treatment for his cancer, which resulted

---

[2] In deciding Plaintiff's Motion for Sanctions, the Court considered the Motion (Doc. 30), the United States' Response in Opposition (Doc. 32), and the parties' oral argument presented at the Case Management Hearing.

[3] The Court held a consolidated Case Management Hearing for this case and two companion cases, *Gipson v. United States*, Case No. 5:21-cv-05136, and *Parker v. United States*, Case No. 5:21-cv-05137. Nearly identical motions were filed in all three cases.

in decreased quality of life and decreased life expectancy. Plaintiff further alleges the VA itself was negligent in its hiring, supervision, and retention of Dr. Levy and in its failure to establish adequate policies and procedures to prevent the harm Mr. Phillips suffered.

In August 2020, Plaintiff filed an administrative claim for damages with the VA. Plaintiff then filed this lawsuit in July 2021, prior to the VA rendering a decision on his administrative claim. In September 2021, the VA denied Plaintiff's claim due to Plaintiff's pending lawsuit.

## II.  DISCUSSION

### A.  Subject Matter Jurisdiction

The United States argues this Court lacks subject matter jurisdiction and must dismiss this case under Rule 12(b)(1) because Plaintiff's claims have lapsed under the relevant Arkansas limitations period.

Federal courts have jurisdiction over claims brought under the FTCA only to the extent the FTCA has waived the United States' sovereign immunity. *Brownback v. King*, 141 S. Ct. 740, 746 (2021). That waiver extends to certain torts committed by federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The Act specifies "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Federal courts therefore apply state substantive law—Arkansas's, in this case—to determine liability under the FTCA, but "federal law defines the applicable limitations period." *Wilcox v. United States*, 881 F.3d 667, 672 (8th Cir. 2018) (quoting *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1288 (10th Cir. 2004)).

The FTCA contains a two-year statute of limitations that begins to run when the plaintiff discovers the alleged malpractice. *See* 28 U.S.C. § 2401(b); *Reilly v. United States*, 513 F.2d 147, 148 (8th Cir. 1975). However, the United States argues the more stringent limitations period in the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-114-203, must be applied in this case because it is a statute of repose, a type of limitations period that "creates a substantive right in those protected to be free from liability after a legislatively determined period of time." *Hendrix v. Alcoa, Inc.*, 506 S.W.3d 230, 237 (Ark. 2016). Some federal courts have found that statutes of repose are substantive state law that must be applied in actions arising under the FTCA. *See, e.g.*, *Huddleston v. United States*, 485 F. App'x 744, 746 (6th Cir. 2012) (affirming dismissal of FTCA medical malpractice claim because Tennessee statute of repose had lapsed); *Allen v. United States*, 2017 WL 1355492, at *3 (E.D. Mo. Apr. 13, 2017) (dismissing FTCA medical malpractice claim for lack of subject matter jurisdiction because Missouri statute of repose had lapsed).[4]

The Arkansas limitations period, § 16-114-203, provides, in relevant part:

(a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

(b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time.

---

[4] Because the Court finds that § 16-114-203 is not a statute of repose, it does not address whether the FTCA would preempt such a statute, an issue on which courts are currently divided. *See Bennett v. United States*, 2021 WL 2333299, at *3 (W.D. Wash. June 8, 2021) (collecting cases).

4

Ark. Code Ann. § 16-114-203. This two-year limitations period begins to run on "the date of the wrongful act complained of." *Id.* Because the alleged "wrongful act" here—Dr. Levy's misdiagnosis of Mr. Phillips's cancer—occurred in 2013, the United States argues it is now free from liability under substantive state law and, therefore, has not waived sovereign immunity.[5] Plaintiff argues § 16-114-203 is a procedural statute of limitations that should not be applied in actions under the FTCA. The threshold question, then, is whether § 16-114-203 is a statute of limitations or a statute of repose. This question has not been answered by any court.

The Court concludes that § 16-114-203 is a statute of limitations. While strict, the limitations period is measured from the date of claim accrual and is subject to several common law tolling doctrines. As a result, § 16-114-203 does not apply in this case, and this Court may exercise subject matter jurisdiction over Plaintiff's FTCA claim.

### 1.  Defining "Statute of Repose"

The United States Supreme Court has offered helpful guidance on the difference between a statute of limitations and statute of repose. "Statutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts. Both types of statute can operate to bar a plaintiff's suit, and in each instance time is the controlling factor." *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014). The Arkansas Supreme Court has relied on this guidance when analyzing Arkansas statutes.

---

[5] The Court does not reach the merits of whether the Arkansas limitations period has in fact run under the facts of this case. As explained below, if it did apply here, there are several doctrines that may toll the running of the limitations period.

*See Hendrix*, 506 S.W.3d at 236.

A statute of limitations is "a time limit for suing in a civil case, based on the date when the claim accrued." *Waldburger*, 573 U.S. at 7 (quoting *Statute of Limitations*, Black's Law Dictionary (9th ed. 2009)). A claim accrues when it "come[s] into existence as an enforceable claim or right." *Accrue*, Black's Law Dictionary (11th ed. 2019). A personal injury claim typically accrues "when the injury occurred or was discovered." *Waldburger*, 573 U.S. at 8 (quoting *Statute of Limitations*, Black's Law Dictionary (9th ed. 2009)).

In contrast, a statute of repose "puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Id.* A statute of repose creates "an absolute bar on a defendant's temporal liability." *Id.* (cleaned up).

Statutes of limitation and statutes of repose have different purposes. Statutes of limitation focus on encouraging plaintiffs to diligently bring their claims, while statutes of repose focus on defendants' eventual right to be "free from liability." *Id.* at 8–9. Another "central distinction between statutes of limitations and statutes of repose" is that statutes of limitation are subject to equitable tolling while statutes of repose "generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." *Id.* at 9. The Arkansas Supreme Court has summarized the distinction this way:

> While a statute of limitation allows a party to avoid suit, a statute of limitations does not affect the validity of the claim. However, once the period of duration under a statute of repose is expired, there is no suit to avoid, because the statute of repose extinguishes the cause of action.

6

*Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 114 S.W.3d 189, 199 (Ark. 2003).

### 2. Text of § 16-114-203

The text of the instant limitations period, § 16-114-203, contains elements of both a statute of limitations and a statute of repose. Subsection (a) states that "all actions for medical injury shall be commenced within two (2) years after the cause of action accrues." This phrasing—with a focus on the date of claim accrual—is characteristic of a statute of limitations. *See Waldburger*, 573 U.S. at 7.

Subsection (b) states, in part, that "[t]he date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time." This subsection again speaks in terms of accrual, but the accrual date is that of the "wrongful act complained of." This is characteristic of a statute of repose, which is "measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Waldburger*, 573 U.S. at 8. Statutes of limitation are focused on the injury to the plaintiff. Statutes of repose are focused on the acts of the defendant, irrespective of the plaintiff's injury or when their cause of action accrues. The text of § 16-114-203(b) looks to both the injury to the plaintiff *and* the acts of the defendant.

Under Arkansas law, "[t]he basic rule of statutory construction is to give effect to the intent of the legislature." *City of Little Rock v. Rhee*, 292 S.W.3d 292, 294 (Ark. 2009) (quoting *Great Lakes Chem. Corp. v. Bruner*, 243 S.W.3d 285, 291 (Ark. 2006)). In that light, the Arkansas state legislature's inclusion of "accrual" language in § 16-114-203 is telling. *See Waldburger*, 573 U.S. at 8 (explaining that statutes of repose are "not related

7

to the accrual of any cause of action" (quoting 54 C.J.S., *Limitations of Actions* § 7, p. 24 (2010))).

The legislature is quite capable of drafting a statute of repose that measures liability from the date of the last wrongful act without including any refence to the accrual of the plaintiff's injury. For example, Arkansas's five-year statute of repose for lawsuits involving construction contracts was enacted in 1967, 12 years before § 16-114-203. That statute provides: "No action in contract . . . shall be brought . . . more than five (5) years after substantial completion of the [construction project]." Ark. Code Ann. § 16-56-112(a). The statute does not reference the accrual of the cause of action. It's clear—*no action* may be brought after the cut off. The Arkansas Supreme Court has explained the construction contracts statute is a statute of repose in part because it may "cut off entirely an injured person's right of action before it accrues." *Rogers v. Mallory*, 941 S.W.2d 421, 423 (Ark. 1997); *see also Hendrix*, 506 S.W.3d at 236 (explaining the limitations period in the Arkansas Workers' Compensation statute is a statute of repose in part because a claim may be cut off prior to it accruing). The instant statute, § 16-114-203, begins running *from* the date of claim accrual. By definition, then, the statute cannot lapse prior to accrual.

Had the legislature intended to include a statute of repose in the Medical Malpractice Act, it could have mirrored the "no action" language in the construction contracts statute, as it has done in other statutes. *See, e.g.*, Ark. Code Ann. § 16-56-107(a) (1985) ("No action to enforce a security interest in livestock shall be brought . . . more than eighteen (18) months after the date of the sale."). Alternatively, the legislature could have simply omitted the references to claim accrual at the end of subsection (a)

8

and the beginning of subsection (b) of § 16-114-203. The remaining language could have been combined into a single section that would read, "all actions for medical injury shall be commenced within two (2) years after the date of the wrongful act complained of and no other time." Instead, the legislature included language that is inconsistent with statutes of repose. It wrote subsection (a) to define the length of the limitations period based on the date of claim accrual and subsection (b) to define when a claim accrues. Ignoring this "accrual" language would render those portions of subsections (a) and (b) "superfluous or insignificant" and would fail to "give meaning and effect to every word in the statute." *Rhee*, 292 S.W.3d at 294 (quoting *Great Lakes Chem. Corp.*, 243 S.W.3d at 291). The legislature's choice to measure from the date of claim accrual indicates the legislature intended § 16-114-203 to be a statute of limitations.

With the apparent intent of the legislature in mind, the Court now turns to how Arkansas courts have applied § 16-114-203.

### 3.  Arkansas Courts' Application of § 16-114-203

While the Arkansas Supreme Court has "consistently interpreted the limitation in § 16–114–203 strictly, commencing the two year period from the date of the act of alleged malpractice," *Green v. Nat'l Health Lab'ys Inc.*, 870 S.W.2d 707, 709 (Ark. 1994), it has never squarely addressed whether § 16–114–203 is a statute of repose. The court has, however, recognized that § 16–114–203 may be tolled under several common law doctrines.

In *Arthur v. Adams*, the appellants argued § 16-114-203 is a statute of repose and, under heightened scrutiny, violated their rights to equal protection of the law, a jury trial,

9

and redress of wrongs under the Arkansas Constitution. 969 S.W.2d 598, 616 (Ark. 1998). The court found § 16-114-203 constitutional under rational basis review. *Id.* at 617. The court reasoned, "While it is true that the statute may be more accurately described as a statute of repose, we decline to apply strict scrutiny in examining the statute's constitutionality." *Id.* at 616. While this statement is instructive, it is far from dispositive. Whether § 16-114-203 was a statute of repose was of no consequence to the result—the court concluded the legislature had a rational basis to enact the statute regardless of the type of limitations period it was. Because the appellants described § 16-114-203 as a statute of repose, the court may have simply been adopting the same word choice in responding to the appellants' argument. The court may also have been opining on the relative harshness of the limitations period, rather than parsing the distinction between a statute of limitations and statute of repose. The court suggested as much, writing later in the opinion that "any statute of limitations will eventually operate to bar a remedy, and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain." *Id.* at 617.

Even recognizing the Arkansas Supreme Court has—in dicta—*described* § 16-114-203 as a statute of repose, the question is whether it has *applied* the statute as a complete time bar to recovery. It has not.

In addition to the exceptions listed in the statute itself, Arkansas courts will toll the limitations period in at least three circumstances. First, the Arkansas Supreme Court has held that § 16-114-203 did not "obviate the common law exception for fraudulent concealment." *Howard v. Nw. Arkansas Surgical Clinic, P.A.*, 921 S.W.2d 596, 599 (Ark.

10

1996). Under the fraudulent concealment doctrine, the limitations period will be tolled where there has been a "positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." *Id.* at 600. The court explained that tolling the statute due to fraud comports with the legislature's intent because "[t]he alleged act of concealment is part and parcel of the wrongful act complained of. Until the concealment ends, the wrongful act continues. We cannot imagine that the General Assembly intended to allow physicians to evade responsibility for negligent acts by knowingly concealing them from their patients until after the statute of limitations had run." *Id.*

The United States argues the fraudulent concealment exception is not necessarily incompatible with statutes of repose. It points to Arkansas's statute of repose for construction contracts, § 16-56-112(a), which can also be tolled for fraudulent concealment. *See Rogers*, 941 S.W.2d at 423. The crucial distinction, however, is that fraudulent concealment is a *statutory* exception to the construction contracts statute. *See* Ark. Code Ann. § 16-56-112(d); s*ee also Rogers*, 941 S.W.2d at 423 (finding the construction contracts statute of repose could not be tolled for equitable considerations). The legislature is free to define the contours of the substantive right created by a statute of repose. In contrast, the fraudulent concealment exception to § 16-114-203 was imposed by the courts based on common law equitable principles. *See Howard*, 921 S.W.2d at 599.

Second, § 16-114-203 may be tolled under the continuous treatment doctrine, recognized by the Arkansas Supreme Court in *Lane v. Lane*, 752 S.W.2d 25 (Ark. 1988).

11

The court adopted the following definition of the doctrine:

> If the treatment by the doctor is a continuing course and the patient's illness, injury or condition is of such a nature as to impose on the doctor a duty of continuing treatment and care, the statute does not commence running until treatment by the doctor for the particular disease or condition involved has terminated unless during treatment the patient learns or should learn of negligence, in which case the statute runs from the time of discovery, actual or constructive.

*Id.* at 26–27 (quoting 1 D. Louisell and H. Williams Wachsman, Medical Malpractice § 13.08 (1982)). In adopting the doctrine, the court relied in part on the unfairness in requiring a plaintiff who underwent a course of similar treatments to identify the particular treatment that caused the plaintiff's injury. *Id.* at 27. This reliance on equity suggests the court was not treating § 16-114-203 as a statute of repose.

Third, § 16-114-203 may be tolled under the doctrine of equitable estoppel. Equitable estoppel is "a general equity principle not limited to the statute of limitations context . . . which comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990). In *Scarlett v. Rose Care, Inc.*, the Arkansas Supreme Court found equitable estoppel could toll the running of § 16-114-203 but the plaintiff had not satisfied the necessary elements. 944 S.W.2d 545, 547 (Ark. 1997). Statutes of repose are not subject to tolling for equitable estoppel. *Cada*, 920 F.2d at 451.

Arkansas courts have treated § 16-114-203 as a statute of limitations by subjecting it to these three common law tolling doctrines that potentially allow plaintiffs to recover years beyond the ostensible cut-off. This reasoning is confirmed by the Arkansas

Supreme Court's treatment of the statute of repose governing construction contracts. In *Carlson v. Kelso Drafting & Design, Inc.*, the court declined to toll the statute of repose. 374 S.W.3d 726, 729 (Ark. 2010). The appellants asked the court "to adopt a 'repair doctrine' that would have the effect of tolling the statute during the period that appellees attempted repairs and representations were made that the repairs would cure the defects." *Carlson*, 374 S.W.3d at 729. The court held that, while the repair doctrine could toll a statute of limitations, it could not toll a statute of repose. *Id.* The court explained: "Given the legislative intent and the supreme court's consistent refusal to graft judicially created exceptions onto the statute of repose, we decline appellants' invitation to amend the statute by judicial fiat." *Id.* The Supreme Court has shown no such resistance to "graft judicially created exceptions onto" § 16-114-203.

Section 16-114-203 is a statute of limitations because it begins running from the date a claim accrues and is subject to several common law tolling doctrines. It does not create a substantive right for the defendant to be free from liability after two years. Rather, it is a strict, but not unyielding, time limitation on a plaintiff bringing their cause of action after it has accrued. Therefore, § 16-114-203 does not apply in this case, and the Court does not lack subject matter jurisdiction on the basis that Plaintiff's claim has been extinguished under substantive state law.

### B.  FTCA Limitations Period

In the alternative, the United States argues Plaintiff's claims are barred by the FTCA's two-year statute of limitations. The FTCA statute of limitations is not jurisdictional. *U.S. v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) (abrogating *T.L. v. United States*,

443 F.3d 956, 961 (8th Cir. 2006)). Rather, it is an affirmative defense, and the United States bears the burden of proving that an FTCA claim is time-barred. *See Trinity Marine Products*, 812 F.3d 481, 486 (5th Cir. 2016). "If an affirmative defense is apparent on the face of the complaint . . . that defense can provide the basis for dismissal under Rule 12(b)(6)." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (cleaned up).

The Court therefore construes this argument as being brought under Rule 12(b)(6), for failure to state a claim upon which relief can be granted, rather than Rule 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation marks omitted).

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). In medical malpractice actions, the two-year period begins running when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice upon which the cause of action is based." *Reilly*, 513 F.2d at 148.

The United States argues Plaintiff's claim accrued at the time of Mr. Phillips's death in 2014. It relies on *Flores v. United States*, 689 F.3d 894 (8th Cir. 2012), for that

14

proposition. In *Flores*, the Eighth Circuit held only that "[t]he magistrate judge did not clearly err in finding that plaintiffs' claim accrued upon [the patient's] death" under the facts presented in that case. *Id.* at 901. There, prior to the patient's death, the plaintiff was aware of the patient's injury and "reasonably should have known of its cause." *Id.* There is no per se rule that an FTCA claim accrues upon death. Instead, the Court must examine the facts alleged here and determine when Plaintiff learned of "the acts constituting the alleged malpractice." *Reilly*, 513 F.2d at 148.

The Complaint alleges Dr. Levy misdiagnosed Mr. Phillips's cancer as benign on or around October 18, 2013, Mr. Phillips never received treatment for that cancer, Mr. Phillips died on December 5, 2014, and "[o]n or about July 2019, the family of Mr. Phillips was notified by the Fayetteville VA that Dr. Levy's diagnosis was incorrect and that his erroneous pathology report had been modified to show Metastatic Adenocarcinoma." (Doc. 2, ¶¶ 25, 28, 37). Nothing in the Complaint suggests that, after Mr. Phillips died, his family investigated the cause of death and learned that his cancer had been misdiagnosed. The reasonable inference to draw from the Complaint is that Plaintiff did not learn of the misdiagnosis—the principal act constituting the alleged malpractice—until the VA contacted him in July 2019.[6]

Based on the facts in the Complaint and all reasonable inferences drawn

---

[6] The Complaint also alleges the VA was directly negligent in its hiring, supervision, and retention of Dr. Levy and in its failure to establish adequate policies and procedures that would prevent the harm Mr. Phillips suffered. The United States does not contend in its Motion that the statute of limitations has lapsed on these claims. In any event, Court infers from the Complaint that Plaintiff did not learn of the acts constituting the alleged direct negligence by the VA until after July 2019.

therefrom, the Court finds that Plaintiff satisfied the FTCA limitations period by filing his administrative claim in August 2020, approximately one year after the VA informed Plaintiff of the underlying acts that form the basis of Plaintiff's claim. Accordingly, this action cannot be dismissed based on the FTCA limitations period. The United States has preserved this issue, however, and is free to raise it again after further discovery takes place.

### C. Motion for Sanctions

Plaintiff's Motion for Sanctions asks the Court to strike the United States' Motion to Dismiss and hold the United States in default for failing to timely respond to the Complaint. (Doc. 30, p. 15). Plaintiff argues the Motion to Dismiss is frivolous, not warranted by existing law, and was filed for an improper purpose—to delay and frustrate Plaintiff's claims. *Id.* at 6–15. The Court disagrees. The United States' Motion to Dismiss is a good faith attempt to extend or modify existing law.

Under Rule 11, when an attorney signs and presents a pleading to the Court, the attorney certifies, in relevant part, that the pleading is not being presented for any improper purpose—such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation—and the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)).

The United States' Motion to Dismiss brings a novel, nonfrivolous argument that this Court lacks subject matter jurisdiction because the Arkansas Medical Malpractice Act contains a statute of repose. The Court disagrees with the United States' conclusion, but its argument is clearly within the bounds of good faith.

Plaintiff argues the Eighth Circuit case *Vaughns v. United States*, 20 F. App'x 585 (8th Cir. 2001), controls the outcome of the Motion to Dismiss yet was not cited by the United States. In *Vaughns*, the Eighth Circuit affirmed the district court's dismissal of an FTCA claim, brought pursuant to Arkansas law, because the FTCA statute of limitations had not been satisfied. *Id.* at 586. There, neither the district court nor the Eighth Circuit addressed the statute of repose issue raised in the United States' Motion to Dismiss. It would be absurd to sanction litigants for bringing a *novel* jurisdictional challenge merely because earlier courts had not addressed the issue. This is simply not a circumstance Rule 11 is designed to remedy.

### III. CONCLUSION

For the reasons stated, the United States' Motion to Dismiss (Doc. 19) and Plaintiff's Motion for Sanctions (Doc. 30) are both **DENIED.** Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the United States is **ORDERED** to file an answer **no later than February 28, 2022**.

**IT IS SO ORDERED** on this 14th day of February, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

17